**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

FELICE M. ANDERSON,          )
                                   )
      Plaintiff,        )
                                   )            1:20-cv-03748
      vs.            )  Case No. _____
                                   )
KOHL'S DEPARTMENT STORES, INC.  )  (Winnebago County No. 2020 L 114)
                                   )
      Defendant.     )

## <u>NOTICE OF REMOVAL</u>

NOW COMES Defendant, KOHL'S DEPARTMENT STORES, INC., by and through their counsel, DANIELLE N. MALATY and KOPKA PINKUS DOLIN, PC, and pursuant to 28 USC §§1441 and 1446, and hereby serve Notice of the Removal of this action to the United States District Court for the Northern District of Illinois, Western Division. In support of the notice, Defendant states as follows:

This case arises out of a lawsuit filed in the Circuit Court of Winnebago County on or about March 13, 2020. See attached Exhibit "A", Plaintiff's Complaint at Law. This Defendant seeks removal based upon Diversity of Citizenship and Diversity of Jurisdiction.

The removed case is a civil action filed in the Circuit Court of Winnebago County, bearing Winnebago County Case No. 2020 L 114, and styled *Felice Anderson v. Kohl's Department Stories, Inc.* As required by 28 U.S.C. §1446(a) copies of process, pleadings, and other papers or exhibits filed in the State Court are attached as "Exhibit A."

Plaintiff served Defendant on May 29, 2019, True and correct copies of the pleadings received by this defendant are contained within Exhibit A. This Notice of Removal is filed within

30 days of receipt of the initial pleading and within one year of the commencement of the action. Therefore, this Notice of Removal is timely under 28 U.S.C. §1446(b).

In the complaint, Plaintiff alleges personal injuries as a result of a fall which occurred on June 2, 2018 at the Defendant's clothing store at 10153 N. 2nd Street, Machesney Park, County of Winnebago, State of Illinois. Plaintiff also alleges she suffered "severe injuries, specifically a fracture of the left elbow; abrasions of her left knee, her left hand and elbow, and left eye; and a significant concussion". Plaintiff further alleges that this incident has "medical expenses as a result of said injury and has experienced and will in the future experience pain and suffering, hospital and medical expenses, and disability".

All that is required for removal based upon Diversity Jurisdiction is a "reasonable probability" that more than $75,000 is in controversy. *See Rising-Moore v. Red Roof Inns., Inc.* 435 F.3d 813, 815 (7th Cir. 2006). The nature of the claim alleged in the Complaint at Law distills the facts for the Court to determine whether it is more likely true than not that the amount in controversy excessed the jurisdictional requirement. *See McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939, 943 (N.D. Ill. 2002) (the amount in controversy is generally "obvious from a common sense reading of the Complaint").

Here, Plaintiff has complied with Illinois pleading requirements, which call upon the plaintiff to assert that his/her damages are greater or less than a certain amount. In this case, Plaintiff seek damages in excess of $50,000 based upon claims of past and future pain and suffering, injury, and future damages. See Exhibit "A", Count I, Paragraph 7.

In addition to medical expenses, Illinois Courts allow a plaintiff to recover for each injury alleged in a complaint. *See Smith v. City of Evanston*, 260 Ill. App. 3d 925, 631 N.E.2d 1269, 1279, 197 Ill. Dec. 810 (Ill. App. Ct. 1994) (disability or loss of normal life); *Holston v. Sisters of Third*

*Order of St. Francis*, 165 Ill. 2d 150, 650 N.E.2d 985, 997, 209 Ill. Dec. 12 (Ill. 1995) (disfigurement); *Scheibel v. Groeteka*, 183 Ill. App. 3d 120, 538 N.E.2d 1236, 1248, 131 Ill. Dec. 680 (Ill. App. 1989) (pain and suffering). Here, the Plaintiff alleges nonspecific injuries, including permanent injuries, which she further alleges will give rise to future treatment, indefinitely.

Diversity Jurisdiction has been asserted in a matter involving allegations that "plaintiff presently suffer[ed] from…injuries in Illinois, where [s]he [sought] treatment and [would] continue to become obligated for large sums of money for medical and hospital care and attention." *Master Tech Prods., Inc. v. Smith*, 181 F. Supp. 2d 910, 914 (N.D. Ill. 2002). Here, Plaintiff is alleging the same. Plaintiff will continue to need care for the injuries allegedly sustained on the date of the alleged incident.

When a plaintiff provides little information about the value of their claim, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (citing *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004)). The Court further acknowledges that whether a plaintiff *actually* recovers more than $75,000 is immaterial; "what matters is the amount put in controversy on the day of removal." *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002). In such a case, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004).

In a diversity action, the court will not dismiss a case because of a jurisdictional amount deficiency "unless it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount." *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938). Based upon the allegations in Plaintiffs' Complaint, there is a reasonable probability that the amount in controversy in this case excess $75,000, exclusive of

interest and costs. The instant lawsuit involves a Plaintiff claiming injuries valued in excess of $50,000, notwithstanding the value of permanency alleged and future pain and suffering.

It is well-settled in the Seventh Circuit that if a plaintiff has a modest claim that she does not want to litigate in federal court, "[s]he can avoid that fate, in a case in which only monetary relief is sought, simply by stipulating that [s]he is not seeking and will neither demand nor accept any recovery in excess of $75,000 exclusive of costs and interest." *Workman v. United Parcel Service, Inc*., 234 F.3d 998, 1000 (7th Cir. 2000). The Court asserted that such a stipulation must be made at the time the suit is filed since jurisdiction is determined as of then and not later. *Id*. Since Plaintiff did not make such a stipulation, "the inference arises that [s]he thinks his claim may be worth more." *Id.*

Defendant has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met (*See Oshana v. Coca-Cola Co*., 472 F.3d 506, 511 (7th Cir. 2006)). Therefore, Defendant's good-faith estimate is acceptable if it is plausible and supported by a preponderance of the evidence. Per *Oshana*, Plaintiff can only defeat jurisdiction only if it appears to a legal *certainty* that she cannot recover an amount that exceeds the jurisdictional amount. Such a legal certainty is absent within the four corners of the complaint; thus, the Southern District has jurisdiction over this matter.

Plaintiff, Felice Anderson, has been a resident and citizen of Village of Roscoe, County of Winnebago, in the State of Illinois, at all relevant times.

At all times herein mention, Defendant, KOHL'S DEPARTMENT STORES, INC., has been a resident and citizen of the State of Wisconsin, the state wherein KOHL'S DEPARTMENT STORES, INC., is incorporated and maintains its principal place of business. See Exhibit "B,"

Affidavit of Jeff Hauf, Manager of General Liability, Risk Management, of KOHL'S DEPARTMENT STORES, INC.

Accordingly, for purposes of determining whether Diversity Jurisdiction exists under 28 U.S.C. §1332(c)(1), at all relevant times, Plaintiff was a resident and citizen of the State of Illinois and the Defendant has not been a resident or citizen of the State of Illinois.

For the foregoing reasons, this is an action wherein the United States District Court for the Southern District of Illinois has original jurisdiction, pursuant to 28 U.S.C. §§1332, because the matter in controversy exceeds the value of $75,000, exclusive of costs and interest, and Plaintiff and Defendant are residents and citizens of different states.

Accordingly, Diversity Jurisdiction exists and this lawsuit was properly removed to this Court pursuant to 28 U.S.C. §§1441-1446.

This Notice of Removal was timely filed by the Defendant within the timeframe prescribed by this Court, pursuant to 28 USC §§144 (6)(b).

Plaintiffs' counsel has been or will be served with written notice of this Notice of Removal in accordance with the Federal Rules of Civil Procedure.

WHEREFORE, the Defendant, KOHL'S DEPARTMENT STORES, INC., pursuant to 28 U.S.C. §§1441, remove this action from the Circuit Court of Jackson County to this Court for further proceedings, and further, for any additional relief that the Court deems just.

DEFENDANT DEMANDS TRIAL BY JURY.

Respectfully submitted,


By: */s/ Danielle N. Malaty*
        Danielle N. Malaty
        One of Defendant's Attorneys


Danielle N. Malaty
KOPKA PINKUS DOLIN, PC
200 W. Adams Street, Suite 1200
Chicago, IL 60606
(312) 782-9920
(312) 782-9965 -- Fax
E-mail: dnmalaty@kopkalaw.com
ARDC No. 6315548

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

FELICE M. ANDERSON,                    )
                                       )
                    Plaintiff,         )      Case No.  ___2020 L 0000114___
                                       )
        v.                             )
                                       )
KOHL'S DEPARTMENT STORES, INC., a      )
foreign corporation,                   )
                                       )
                    Defendant.         )

## COMPLAINT

NOW COMES the Plaintiff, FELICE M. ANDERSON, by her attorneys, Reno & Zahm LLP, by Robert A. Fredrickson, and for her Complaint against the Defendant, KOHL'S DEPARTMENT STORES, INC., a foreign corporation (hereinafter "KOHL's"), state and allege as follows:

1.      That the Plaintiff, FELICE M. ANDERSON, is an adult resident of the Village of Roscoe, County of Winnebago and State of Illinois.

2.      That the Defendant, KOHL'S DEPARTMENT STORES, INC., a foreign corporation, is a Delaware corporation doing business in the City of Machesney Park, Winnebago County, Illinois.

3.      That on June 2, 2018 KOHL's was operating a department store located at 10153 N. 2nd St., Machesney Park, Illinois.

4.      That at said date and time, the Plaintiff, as a business invitee, was attempting to enter the store and in so doing, fell and sustained injuries as hereinafter

alleged.

5.      That as the Plaintiff approached the entry door, there was a step up from the level of the blacktop parking to the concrete entrance/exit area, she caught her foot on the concrete and fell forward, initially striking both knees and both hands as she attempted to break her fall, and ultimately hitting her face on the concrete, sustaining injuries.

6.      That at said time and place, KOHL's, through its employees and/or agents, was negligent in one or more of the following respects:

(a) That the concrete area immediately outside of the entrance to the store contained a step up from the parking blacktopped area, and at the time of the occurrence contained an irregular area in the concrete which caused the Plaintiff to trip and fall;

(b) That the uneven concrete outside the entrance/exit door created an unreasonably dangerous condition for business invitees;

(c) That the Defendant knew of the unsafe condition in the area immediately outside the entrance/exit door and failed to warn business invitees of said condition.

7.      That as a proximate cause of the negligence aforesaid, the Plaintiff, FELICE ANDERSON, suffered a severe injuries, specifically a fracture of the left elbow; abrasions on her left knee, her left hand and elbow, and left eye; and a significant concussion. Plaintiff incurred medical expenses as a result of said injury and has experienced and will in the future experience pain and suffering, hospital and medical expenses, and disability, all to her damage in an amount in excess of $50,000.

WHEREFORE, the Plaintiff, FELICE ANDERSON, prays that the Court enter judgment in favor of the Plaintiff and against the Defendant, KOHL'S DEPARTMENT

ANDERSON- KOHL'S- NOTICE OF REMOVAL EXHIBIT "A"

STORES, INC., a foreign corporation, in an amount in excess of $50,000 and assess

costs of suit to the Defendant.


Dated: _____, 2020.


FELICE ANDERSON, Plaintiff

BY:   RENO & ZAHM LLP


BY: _____
      ROBERT A. FREDRICKSON



PLAINTIFF DEMANDS TRIAL BY JURY




RENO & ZAHM LLP
BY:   ROBERT A. FREDRICKSON,
Licensed IL attorney #00868469
2902 McFarland Road
Perry Creek Plaza, Suite 400
Rockford, IL 61107
(815) 987-4050

ANDERSON- KOHL'S- NOTICE OF REMOVAL EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| FELICE M. ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. ___1:20-cv-03748___ |
| | ) | |
| KOHL'S DEPARTMENT STORES, INC. | ) | (Winnebago County No. 2020 L 114) |
| | ) | |
| Defendant. | ) | |

**AFFIDAVIT OF JEFF HAUF**

Under penalties of perjury, the undersigned certified that the statements set forth in this instrument are true and correct, except as to matters herein stated to be on information and belief and as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true:

1. I am over the age of 18 years old, and I am competent to testify to the matters asserted herein.

2. I am currently employed in the Risk Management Department with Kohl's Department Stores, Inc.

3. I reviewed the Complaint filed by the plaintiff in this action which was served upon Kohl's Department Stores on May 29, 2019, and I am familiar with the allegations therein.

4. Since prior to May 29, 2019, Kohl's Department Store has had its principal place of business in Menomonee Falls, Wisconsin.

5. Since prior to May 29, 2019, Kohl's Department Store has been incorporated in the state of Delaware.

ANDERSON-KOHL'S-NOTICE OF REMOVAL EXHIBIT "B"

6.     Since prior to May 29, 2019, Kohl's Department Store has been a resident and citizen of the state of Wisconsin and not a citizen of the state of Illinois.

FURTHER THE AFFIANT SAITH NOT.

Dated this \_\_\_30ᵗʰ\_\_\_ day of May, 2020.

By:_____
       Jeff Hauf